## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ANDREW DUNCAN SUESS, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| MFP AGENCY, LLC DBA TOTAL HEALTH, | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |
| _____/ | | |

Plaintiff Andrew Duncan Suess (hereinafter referred to as "Plaintiff" or "Mr. Suess"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA,

generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     This case involves a campaign by MFP Agency, LLC d/b/a Total Health ("Total Health") to market insurance services through the use of pre-recorded telemarketing calls in violation of the TCPA.

3.     Mr. Suess also alleges that Total Health used automated systems to make telemarketing calls into Florida, and that by doing so, Total Health has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

4.     Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.     Plaintiff is an individual located in this District.

7.     Defendant MFP Agency, LLC d/b/a Total Health is a limited liability company.

## JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court has supplemental jurisdiction over the state law claims since they relate to the same telemarketing campaign.

9.      This Court has specific personal jurisdiction over Total Health because the company made telemarketing calls into this District.

10.     Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were into this District.

## TCPA BACKGROUND

Calls Made Using a Pre-Recorded Message

11.     The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls.  *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

12.     Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party.  *See* 47 U.S.C.  § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

13.    "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(12).

14.    "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

<u>The Florida Telephone Solicitations Act</u>

15.    The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

16.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

4

17.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

18.     Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

19.     Defendant Total Health is a "person" as the term is defined by 47 U.S.C. § 153(39).

20.     At no point has the Plaintiff consented to receive telemarketing calls regarding Defendant's services prior to receiving the pre-recorded calls at issue.

### Call to Plaintiff

21.     Mr. Suess's cellular telephone number is (386) 690-XXXX.

22.     That number has been on the Do Not Call Registry since May 9, 2024.

23.     Despite that, Mr. Suess received at least 1 pre-recorded telemarketing call from Total Health on June 12, 2024.

24.     The call had a pre-recorded message that asked if the call recipient was interested in insurance.

25.     The call was clearly pre-recorded because (a) there was a pause after the Plaintiff picked up the phone (b) the script was generic and not personalized (c) the robot had a generic, monotone voice.

26.     After the Plaintiff responded to the pre-recorded message, he was transferred to "Nicole Lic", an employee of the Defendant.

27.     Ms. Lic identified herself and offered the Defendant's insurance services.

28.     Ms. Lic provided a call back number of 888-949-2753.

29.     That is a telephone number for the Defendant.

30.     To do so, she asked if the Plaintiff had insurance, what was his age and his income.

31.     The Plaintiff was not interested in the services, so he terminated the call.

32.     Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.  Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

34.    Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**TCPA Robocall Class:** All persons within the United States: (1) to whose cellular telephone number (2) either Defendant (or an agent acting on behalf of either Defendant) placed a telemarketing call (3) from four years prior to the filing of the complaint through trial (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

**Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding insurance goods and/or services, from, or on behalf of the Defendant, (2) using the same equipment or type of equipment utilized to call Plaintiff or an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff (3) since July 1, 2021.

35.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of this classes as he has no interests that conflict with any of the class members.

36.    Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37.    Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their

privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

38.    This Class Action Complaint seeks injunctive relief and money damages.

39.    The Classes as defined above are identifiable through the Defendant' dialer records, other phone records, and phone number databases.

40.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls.

41.    The joinder of all Class members is impracticable due to the size of the Classes and relatively modest value of each individual claim.

42.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

43.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

> (a) Whether the Defendant used pre-recorded message to send telemarketing calls;

(b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA and/or FTSA;

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

44.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has no interests which are antagonistic to any member of the Classes.

45.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

46.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

47.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

48.     Plaintiff incorporates the allegations in paragraphs 1-47 as if fully set forth herein.

49.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

50.     As a result of Defendant' and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51.     If the Defendant' conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

52.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents,

and/or other persons or entities acting on Defendant' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION

**Violation of the Florida Telephone Solicitation Act,
Fla. Stat. § 501.059
On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial
Class**

53.    Plaintiff repeats and incorporates the allegations set forth in the paragraphs 1-47 as if fully set forth herein.

54.    Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

55.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

56.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used

for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

57.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

58.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

59.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers and the playing of a recorded message.

60.     As a result of Defendant' conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

<u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.     Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: August 19, 2024          PLAINTIFF, individually and on behalf of all others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Lead Counsel